## CHAMBERLAIN *against* GORHAM.

A party in interest may be a witness to prove to *the Court the loss of the note, or instrument, on which the suit is brought, in order to introduce parol proof to the jury of the contents of such note, or instrument.*

*Where a note is not negotiable, the assignee takes it, subject to all the equity existing between the original parties at the time of the assignment.*

*A notice accompanying a plea of the general issue, ought to be so particular as to enable the plaintiff to come prepared to meet the facts stated in such notice.*

IN ERROR, to the Court of Common Pleas of *Seneca* county.

*Gorham* brought an action of *assumpsit* against *Chamberlain*, in the Court below, and declared on a promissory note made by the defendant (*C.*) to the plaintiff, (*G.*) for 100 dollars, payable in four years after date.   The note was not made payable to order, or negotiable.   The declaration averred a loss of the note, and contained the usual money counts.

At the trial, *Jacob Fagleman* was called as a witness for the plaintiff, and testified that he was the party beneficially interested in the note, which he received of *Anthony Snyder*, for a horse; that it was dated *November* 9, 1816, for 100 dollars, payable three years after date, to the plaintiff, *Gorham*.   The plaintiff then called *A. Snyder* as a witness, who testified, that the note in question, with others, was given by the defendant to the plaintiff, as part of the consideration money, on the sale and conveyance of land, and was dated *November* 9, 1816, for 100 dollars, payable to the plaintiff, but not negotiable, three years after date.   That the note was assigned to him, soon after it was made, and that he gave notice of the transfer to the defendant, in *December*, 1816, and, in *January*, 1817, forbade him to pay the note to any other person.   That soon after such notice, the witness transferred and delivered the note to *Jacob Fagleman*, in payment for a horse.   The defendant objected to the evidence, on the ground that the note, the existence of which was proved, varied from the one described in the plaintiff's declaration, as having been lost.

But the Court decided that the evidence was admissible, under the money counts.

The defendant then offered to prove, by way of defence, that when he gave the note in question, (which was for the price of land bought of the plaintiff,) the plaintiff gave him a covenant, that if there should appear to be any judgments, or *liens* on the land, the defendant might pay the amount of such incumbrances, and that such payments should operate to discharge and satisfy the note; and that, in fact, there were such judgments which bound the land; and that he had been obliged to pay, and had paid, more than the amount of the note, to redeem the land.

The plaintiff objected to this evidence : 1. Because, it could be no defence against the assignee, who was the real plaintiff, and who had given notice of the assignment, &c. 2. Because the evidence was not admissible under the notice subjoined to the plea of the general issue, which was, in general terms, that the defendant would prove that there were divers judgments, at the time of the sale of the land, &c. outstanding against the plaintiff, which were a *lien* on the land, &c. ; and which the defendant was obliged to pay, and did pay, in order to prevent a sale of the premises, &c. ; but without specifying any particular judgment, so as to enable the plaintiff to know in whose favour, at what time, and in what Court, such judgments were obtained, so as to enable him to be prepared to prove that they were fraudulent, and had been reversed, or otherwise satisfied and vacated.

The Court decided that the notice was defective, for want of such specification ; and the evidence was, accordingly, rejected. The jury found a verdict for the plaintiff, for the amount of the note, on which the Court rendered judgment.

On the return to the writ of error, the cause was submitted to the Court, without argument.

*Per Curiam.* There is no doubt that the party in interest may be allowed to testify to *the Court*, upon the preliminary point, as to the loss of the note or instrument,

ALBANY,    in order to introduce to the jury parol evidence of its con-
August, 1822.  tents.   (*Jackson* v. *Frier*, 16 *Johns. Rep.* 193.)

ROBINSON        The defence set up by the defendant, if proved, would,
v.         undoubtedly, be valid, notwithstanding the assignment of
AMES.      the note, and notice of such assignment; for the note not
being negotiable, the assignee must take it subject to all the
equity existing at the time of the assignment and notice;
and here, the equity or ground of defence was coeval with
the date of the note.   But the notice accompanying the
plea was defective, for the reasons stated in the Court be-
low; and *the judgment must, therefore, be affirmed.*

Judgment affirmed.