## HEDGES *vs.* SEALY.

Where a promissory note, payable to order is not indorsed by the payee, but is transferred to another by delivery merely, the holder of the note is a mere assignee, and his rights are to be settled by the same rules that govern the case of an assignee of any other chose in action.

And although the holder took the note upon a sufficient consideration, and the transfer was consummated by the actual delivery of the note, yet if the

Hedges *v.* Sealy.

proof shows that the maker had a good defence against it, in the hands of the payee, the holder is not a bona fide holder or indorsee and entitled as such to recover against the maker.

To entitle the holder to protection from such a defense, in addition to the valuable consideration paid by him for the note, it must also appear that he is the indorsee.

A note negotiable but not indorsed, transferred by delivery, and a note not negotiable, transferred by delivery, are open to every equitable defense which the maker had against them at the time of the transfer. And if the payee could not have recovered at that time, the holders can not.

This was an appeal by the defendant from a judgment rendered at a special term, upon demurrer to the reply. The action was commenced by serving the complaint on the 27th of February, 1849. The complaint alledged that on the 16th of March, 1846, the plaintiff lent Robert Roberts $200, for which he took his note of that date, payable on demand, with interest—and Roberts at the same time delivered to the plaintiff, as surety for the payment of the above money, a note from the defendant, of the same date, for $300, payable on demand "to Robert Roberts, or order." That Roberts was dead and his estate was insolvent and had been administered, leaving due on the $200 note, the sum of $145,70. The plaintiff, therefore, claimed that the defendant should pay him the $300 note. The defendant answered that he gave the $300 in payment for a note of like amount, which he owed to one Isaac Plato, then deceased, for the benefit of his mother, who he then supposed to be his only next of kin, and solely entitled to the money due on the note to Plato, which had been by the mother assigned over to Roberts. That afterwards Plato's estate was administered upon, he leaving two brothers and a sister, and the defendant paid the amount of the note given to Plato, to his administrator. That the $300 note to Roberts was given to the defendant at his request, and without consideration, except in exchange for the note to Plato, and without knowledge that any body had any interest in the note besides Plato's mother. That when he ascertained the facts, he told Roberts, who agreed to bring him the note and have it cancelled, but he died a few days afterwards, and never did it—the defendant not knowing that the note had been deliv-

ered to any body as security. That the note to Roberts was not transferred to the plaintiff by indorsement. The plaintiff replied that he had no knowledge of any equities against the note to Roberts; alledged that he would not have loaned the $200 without the security of the defendant's note; partially denied the facts stated in the answer, and insisted that the defendant paid the administrator at his peril.

The defendant demurred on the grounds, 1. That it is immaterial whether the plaintiff knew of the equities against the note. 2. That the plaintiff limits his knowledge of facts to the time he loaned the money instead of the time of his reply. 3. That he has not fully admitted or denied the several facts of the answer. The parties then stipulated that the complaint and answer should be taken as true, and the cause be decided upon the question of law, whether the plaintiff was such a holder of the note as to prevent the defendant from setting up in defense, a want of consideration.

Judgment was rendered, at the special term, for the plaintiff, for $154,30, the amount claimed to be due upon the note sued on, with costs.

*S. L. Gardiner*, for the plaintiff.

*Geo. Miller*, for the defendant.

*By the Court*, BROWN, J. The defendant, Samuel A. Sealy, was indebted to Isaac Plato upon a note for $300, with the interest. Plato died, and his mother, Huldah Plato—who was supposed to be his only next of kin, and as such entitled to the money due upon the note—without authority as personal representative or otherwise, in her own name, indorsed over the note to one Robert Roberts by an indorsement in the following words: "Pay to Robert Roberts, or order, the amount of the within note. Huldah Plato." Roberts then requested the defendant to pay or become accountable to him for the note. And thereupon the defendant made and delivered to Roberts the note upon which this suit is brought, for the sum of $300, payable to

Hedges *v.* Sealy.

Robert Roberts, or order, and received from him the note given to Isaac Plato. It was afterwards discovered that Plato left surviving him at the time of his death two brothers and one sister, each entitled to a distributive share of his estate. Letters of administration were then granted upon the estate of Isaac Plato to Josiah C. Dayton, who afterwards, as such administrator, claimed and collected from the defendant, Samuel A. Sealy, the money due upon the note to Isaac Plato.

Robert Roberts, on the 16th day of March, 1846, the day of the date of Sealy's note to him, borrowed from the plaintiff, Albert G. Hedges, the sum of two hundred dollars, for which he gave his own note of that date, and at the same time and as part of the same transaction, left the defendant's note for the $300 with the plaintiff as collateral security, but did not indorse it. Roberts died insolvent, leaving his note to the plaintiff unpaid. The consideration of the note from Sealy the defendant to Roberts was the note of Sealy to Isaac Plato. To this note Roberts had no manner of title, nor had he any right or authority to collect the money due upon it, or discharge the defendant from its payment. The note therefore of the defendant to Roberts which is the foundation of this action, was entirely without consideration, and as between Roberts and the defendant it could not have been recovered. If the action on this note was by Roberts himself he would fail; and it remains to be seen whether upon authority the plaintiff has any better right to recover than Roberts would have had if he had remained the holder.

The plaintiff took the note upon a good consideration, for he loaned his money upon the security it afforded. The delivery over to him by Roberts was sufficient to pass such title as Roberts had, and the code of procedure enables the plaintiff to prosecute in his own name. Although the plaintiff took the note upon sufficient consideration, and the transfer was consummated by the actual delivery, yet the plaintiff is not a bona fide holder, or indorsee, and entitled as such to recover against the maker, if the proof shows that he had a good defense against it in the hands of Roberts. To entitle the plaintiff to protection from such a defense, in addition to the valuable consideration paid by

Hedges *v.* Sealy.

him for the note, it must also appear that he is the indorsee. The pleadings disclose that it was payable to order, and was not indorsed by the payee. In respect to the note the plaintiff is a mere assignee, and his rights are to be settled by the same rules that govern the case of an assignee of any other chose in action. The rule that the indorsee may recover where the payee may not, is founded on the commercial policy of sustaining the credit of negotiable paper. (3 *Kent's Com.* 79.) The paper in question was negotiable, but it was not negotiated. It is payable to Robert Roberts or order, and he has not indorsed it. "A bill payable to the order of a certain person, or to that person or order, or to the drawer's order, is transferable in the first instance only by indorsement, and if the beneficial interest be transferred, but there has been no indorsement, the action must be brought in the name of the payee." (*Chitty on Bills, 5th Am. ed.* 227.) "Unless the payee or drawer, when the bill is payable to his order, first indorse it, a party who becomes possessed of it by delivery, can only sue the person from whom he obtained it, and the action must be for the original consideration and not upon the bill itself." (*Chitty on Bills, 5th Am. ed.* 241.) If there be an assignment of the note, without indorsement, the holder will acquire the same rights, only, as he would upon an assignment of a note not negotiable. In general, in such case the holder will, as against the prior parties, have the same rights in equity as the payee or assignor has. (*Story on Prom. Notes,* § 120, *note* 2.) A note not negotiable may be assigned, but the assignee takes it subject to all the equities between the original parties existing at the time of the assignment. (20 *John.* 144.) A note negotiable but not indorsed, transferred by delivery, and a note not negotiable transferred by delivery, are open to every equitable defense which the maker had against them at the time of the transfer; and if the payee could not have recovered at that time, the holders can not. Roberts could not have recovered upon this note, and I therefore think the plaintiff can not. The judgment at the special term should be reversed, and judgment should be entered for the defendant with costs.