Thurman, J.
Martin & Co. sued Wells in assumpsit on a promissory note, in Columbiana common pleas. On trial, a bill of exceptions was signed and sealed, which is in these words:
“ Be it remembered, that this case came on for trial upon the pleadings which are referred to. The plaintiff not producing the note described in the declaration, offered in evidence to *tho *333 court to prove the loss of the same: 1st. The affidavit of Frederick Kahl, on proof that he was one of the firm of Warrick Martin & Co., to which defendant objected upon the ground that the affidavit of both partners ought to have been obtained, and that one, without all or both, was not admissible; and also that the affidavit of a party to the suit is not admissible for the purpose for which this was-offered. 2d. The depositions of Ira B. MeYay and James G-. Coffin, which are referred to. The counsel for plaintiff then claimed that they had given sufficient proof of the loss of the note, to be admitted to prove its contents by secondary evidence, and the court so ruled. Thereupon, the counsel for the defendant excepted to the decision of the court; and, by consent, a juror was withdrawn and judgment rendered for.the plaintiffs for the amount of their note. To which decision of the court, permitting secondary evidence to be given of the contents of said note, the defendant excepted, and his exceptions are here signed, sealed, and ordered to be made part of the record.”
The journal entries show the withdrawal of the juror, a discharge of the remaining jurors, and the tendering, signing, and sealing of the bill of exceptions; after which follows the judgment in these words:
“ It is, therefore, by consent of the parties, considered and adjudged by the court that the said Warrick Martin & Co. recover against the said Wells, defendant, their damages of $292, assessed by the court, and costs herein expended to be taxed,”
On error, the supreme court in Columbiana county affirmed this judgment. Whether any assignment of errors was filed in that court we can not tell. None appears in the record.
The present plaintiff now assigns for error:
1. “ The admission of the affidavit of Kahl, one of the plaintiffs below, without the affidavit of the other plaintiff and partner, who had equal access to the custody of the papers, etc., of the firm.
*2. “In holding that the evidence given by plaintiff below, of the loss of the note in suit, was sufficient to admit secondary evidence of its contents to be given to the jury.”
It is a sufficient answer to this assignment that it is shown, both by the bill of exceptions and the journal entries, that the judgment was entered “by consent of the parties.” It requires no argument to prove that a judgment, thus rendered by a court of competent jurisdiction, can not be reversed on error. Again: It *334 •does not appear that there was any assignment of errors in the .supreme court. Now, a revising court will not look for errors that are not assigned. If there is no assignments may affirm the judgment for that reason. An assignment is indispensable. It is a pleading upon which an issue is to be made by demurrer, joinder, ■or plea. True, if the defendant fail to file either of these, the case may be considered as if he had filed the common joinder, which is the same as a demurrer. But parties will not be allowed to waive an assignment, and throw upon the court the task of hunting errors. Nor will the plaintiff be permitted to allege errors, viva voce, at the hearing, which he has not assigned.
Again : The errors now assigned are based upon the admission •of an affidavit,- and the ruling that the testimony was sufficient to let in secondary evidence of the contents of the note. But none of this testimony is before us in a way that we can take notice of it. True, the record contains an affidavit of Kahl, and depositions of McYay & Coffin; but they are neither incorporated in the bill of ■exceptions, or attached to it or referred to in it by any mark or particular designation.
In Hicks v. Person, 19 Ohio, 446, the court, speaking of bills of exceptions, said: “ It will not do, as is sometimes attempted to be •done, to refer to the records of courts, or records of deeds, and attempt to make them parts of bills of exceptions. It will not do to refer to depositions on file, by the names of the deponents, ■or by artificial marks upon the depositions themselves, without •.something beyond this. They must be attached to or made part of the bill of «exceptions; so that, when a record of the case shall be made, they can be introduced into that record as constituting a part of the case.”
These remarks apply with their full force to the present case; for we have nothing before us to show that it was either right or proper to insert the affidavit and depositions aforesaid in the record, or that they are the same affidavits and depositions mentioned in the bill ■of exceptions. But there is yet another view that is fatal to the •plaintiff in error. The testimony spoken of was given on the trial >by jury. But, by consent of parties, the jury was discharged without rendering a verdict, and the cause seems to have been submitted to the court.
Now it does not appear what, if any, testimony was given to the •court. The record states that the judgment was by consent of the *335 parties. Errors accruing upon a previous trial that was put an end ■to by the withdrawal of a juror, are plainly of no moment.
But were the case such that we could consider the rulings complained of, the result would be the same. The affidavit of K.ahl was properly admitted. That the affidavit of a party to a suit may be used to prove the loss of a writing, in order to let in secondary evidence of its contents, is too well established to admit of question. Donaldson v. Taylor, 8 Pick. 390; Chamberlain v. Gorham, 20 Johns. 144.
But it is said that an affidavit of Martin ought also to have been produced. Suppose it were so, that would only prove that Kahl’s .affidavit was not of itself sufficient. It would not make it inadmissible as evidence. ■
"Was there, however, any necessity for Martin’s affidavit? A prima facie case of the loss of the note was to be made to the satisfaction of the court.
The fact was to be established, not conclusively, that is not required, but reasonably. To do this may, in some cases, where there is more than one plaintiff, require the affidavits of all of them. In •other cases, an affidavit of one of the plaintiffs may be sufficient. No general rule can be laid *down upon the subject. The ruling must depend upon the circumstances of each particular case. Page v. Page, 15 Pick. 368.
In the case under consideration, there was not only Kahl’s affi-' ■davit, but also the depositions of McYay and Coffin. 'Each of these tended to prove the loss of the note, and altogether established the fact, as we think, quite sufficiently.

Judgment affirmed.