manner. It was only necessary to apply the terms which the court has adopted in similar cases to indemnify the defendant for the expenses to which he has been subjected, if the new allegations paralyze his defence. There is no hardship in this. If the complaint were dismissed and the statute of limitations did not intervene, the plaintiff would have the right immediately to commence anew, and if any doubt existed on that subject, that would afford an additional reason why the amendments should be permitted. The books furnish precedents for amendments after years of litigation, the courts imposing terms only upon the applicant.

The amendments proposed and recited herein and in the moving papers, with the amendment of the prayer for relief to correspond with the new allegations, will be allowed on payment of $10 costs of the motion, but if the defendant withdraws his defence, then on payment of all his costs—the amendment to be without prejudice to the defendant's rights in any respect, and the defendant's answer already interposed to be considered as denying such allegations and putting them in issue, unless the defendant prefers to answer over ; but the testimony already taken in the cause on other issues to remain undisturbed.

## TULLOSS a. RAPELYE.

*New York Common Pleas ; General Term, March,* 1856.

PROMISSORY NOTE.—ASSIGNMENT.—COMPETENCY OF ASSIGNOR.

Where a non-negotiable note is transferred by endorsement and delivery, these operate as an *assignment* of the note only.

If, in an action upon such note by the transferee, the plaintiff calls the assignor as a witness, the defendant will be entitled to offer himself as a witness, as in the ordinary case of the examination of an assignor.

Appeal from a judgment, on the report of a referee.

This action was brought by William Tulloss and Harris Thompson against Joseph Rapelye, as maker of a promissory

note. The note was drawn payable to " Samuel C. McGraw" simply. The payee endorsed his name upon it, however, and delivered it to the plaintiff.

On the trial before a referee, the original payee was examined as a witness; after which the defendant offered himself as a witness, under section 399 of the Code, on the ground that the payee had been examined as an *assignor*, and the defendant had a right to be examined as to the same matters. The referee excluded the evidence, under exception.

The referee having reported for the plaintiffs, the defendants appealed from the judgment entered.

*James Maurice*, for appellant, cited Code, § 399, (Bump *v.* Van Arsdale, (11 *Barb.* 634), Jagoe *v.* Alleyn, (16 *Ib.*, 580), Seeley *v.* Seeley, (2 *Hill*, 496), to show that the referee erred, in excluding the defendant.

*Frederick A. Lane*, for respondents, contended that McGraw could not be regarded as an assignor. (Coggill *v.* American Exchange Bank, 1 *Comst.* 13.)

INGRAHAM, F. J.—The note on which the action was brought was not negotiable. Like any other chose in action, it was transferable by assignment or mere delivery. Another assignment was not necessary. The endorsement of the back of it for that purpose was valid, and as it was made for that purpose, and delivered in blank, authority was given with it to the person to whom it was delivered, to fill up such blank with the proper words of assignment, if necessary.

The payee of the note and the second endorser upon the note were both examined as witnesses for the plaintiff. Subsequently the defendant offered himself as a witness in the cause, and the referee excluded him.

The right of the defendant to be examined upon the same matter that the endorsers had testified to, depended upon the character in which they stood as transferrers of the note. In regard to negotiable paper, this court has held that an endorser of such a note is not an assignor within the meaning of section 399 of the Code. (Hicks *v.* Wirth, 10 *How. Pr. R.*,

555). In that case a distinction was suggested between the endorsement of negotiable paper and that not negotiable. The grounds upon which an endorser of negotiable paper was held not to be an assignor, fail when applied to a note not negotiable. In the latter case, the contract of the maker is only to pay to the payee, and he is not authorized by an order to designate the individual to which payment shall be made. The only mode in which the payee can transfer his interest in the note is by an assignment, either parol or written. (*Chitty on Bills*, 219.)

In Hedges *v.* Sealy, (9 *Barb. S. C. R.*, 214), it was held that a mere delivery of a note by the payee, without endorsement, was sufficient to transfer the payee's interest in the note, but that such payee was a mere assignor, and his rights were to be settled by the same rules that govern the case of an assignor of any other chose in action.

In Chamberlain *v.* Gorham, (20 *Johns.*, 144), the payee of a note not negotiable, who assigned it, was held to be merely an assignor, and the assignee took the note subject to all equities existing at the time against the assignor.

In Jagoe *v.* Alleyn, (16 *Barb. S. C. R.*, 580), the point was distinctly held by Justice Strong that a payee of a note not negotiable can only transfer it as assignor,—that before the Code such transfer would not authorize a suit in the name of the assignee ;—and he adds : As to such a note, I think it clear that a person selling it, is, within the meaning of section 399 of the Code, an assignor of a thing in action. The note is as much a thing in action as a bond or account, either of which may be assigned by delivery. (See also Seeley *v.* Seeley, 2 *Hill*, 496.)

In these views, as to notes not negotiable, I concur. The referee therefore erred in excluding the defendant, after the endorsees had been examined. He was competent to testify upon all matters to which their testimony extended.

It is said that McGraw had no interest in the note, and therefore was not to be considered as the assignor. It is a sufficient answer to that objection, to say, that such was McGraw's testimony. It was important to the defendant, as well as his right, to answer such a statement.

He might have testified to a promise of McGraw's to be surety, or have given some reason for the endorsement. After he had testified, if it became important, the plaintiff could have asked the referee to disregard the testimony, if he found McGraw to be improperly a party to the note.

The report of the referee should be set aside, and the case referred back to him, with directions to open the testimony, and allow either party to produce further evidence. Costs to abide the event.

---

## CURTOIS a. HARRISON.

*New York Common Pleas; General Term, March,* 1856.

SUPPLEMENTARY PROCEEDINGS.—JOINT STOCK ASSOCIATIONS.

On the return of an order for an examination in supplementary proceedings, the order may be dismissed on motion of the defendant, if it appears to have been improvidently granted.

When a joint stock association is sued in the name of its president or treasurer, under the act of 1849, (2 *Rev. Stats.,* 4 *Ed.*, 717, § 121), such officer may, under § 294 of the Code, be examined in proceedings supplementary to the execution; on showing him to be indebted to the association in a sum exceeding $10.

Appeal from an order of the special term dismissing an injunction order for the examination of a witness in supplementary proceedings.

This action was brought under the act of 1849, (2 *Rev. Stats.,* 4 *Ed.,* 717, § 121), by Hector Curtois against L. F. Harrison as Treasurer of the Young Men's Democratic Union Club.

*Louis H. Rignolet,* for appellant, contended: I. That the judge erred in dismissing the order for Harrison's examination, because the making that order was discretionary with the judge who made it, and it could not be dismissed by another upon the same state of facts: and II. That Harrison was liable to the examination demanded.

*Edward H. Cone,* for respondent.