ALBERT J. GILBERT, Respondent, v. ANDREW J. SHARP, Appellant.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

A promissory note, payable to order, was indorsed before maturity, to a holder for value and without notice of any defence, by one assuming to act for the payee, but having no authority to make the indorsement; after commencement of an action thereon by the indorsee the payee ratified the indorsement.—*Held*, that the note was open to defences, existing between the original parties thereto.

And, it seems, that a ratification before suit, if made after maturity, would not relate back so as to cut off a defence on the merits.

THIS was an appeal by the defendant, upon a case made, and exceptions, after judgment upon a verdict in favor of the plaintiff.

The action was upon a promissory note, payable to the order of one Palmer, and the defendant offered to prove a perfect defence, as between himself as maker, and the payee named in the note ; the evidence was refused, and he excepted. The plaintiff claimed to be a *bona fide* holder for value paid before maturity. The facts sufficiently appear in the opinion.

*George B. Bradley*, for the appellant.

*D. Rumsey*, for the respondent.

Present—E. D. SMITH, JOHNSON and J. C. SMITH, JJ.

By the Court—E. DARWIN SMITH, P. J. This action was brought upon a negotiable promissory note, payable to George N. Palmer, or order, one year after date. It was indorsed without recourse by one Persons, without authority from Palmer, and delivered to the plaintiff, who paid for it a good consideration. After the maturity of the note, Palmer ratified the indorsement. It is conceded in the case, and was assumed and asserted by the learned judge at the circuit,

Gilbert *v.* Sharp.

and quite correctly, I think, that the note could not be enforced as between the original parties, and could only be enforced at law, at the hands of a *bona fide* purchaser, without notice of the defendant's rights and equities in respect to it. Two questions are, therefore, presented for our consideration on this branch of the case. 1st. Was the plaintiff, as a purchaser before its maturity, a *bona fide* holder of the note as indorsee by lawful transfer without notice of any defence to it? and, 2d. If not at the time of its transfer, because the indorsement was not made by Palmer, did he become such holder by force of the ratification of the indorsement by Palmer, the payee, after its maturity? The note is negotiable commercial paper; and no one can get a valid title, in law, to such paper, when it is payable to order, as is this note, without the proper indorsement of it by the payee. When the plaintiff took this note from Persons, the party who transferred it to him, it had not upon it, made by the payee, in his own proper handwriting, or by any agent duly authorized to make it, such indorsement. This fact seems to have been assumed, and held at the circuit; and the right of the plaintiff to recover upon it was put by the circuit judge, on the ground that the ratification, after the commencement of the action by Palmer, of the indorsement, was equivalent to an original authority. The case states further, that the learned judge held, "that although the indorsement was not made by Palmer, the payee, or by his authority, that his ratification, after it became due, related back to the time the indorsement was made;" and on this ground overruled evidence showing a defence upon the merits, as against the original holders of the notes; and the defendant's motion for a nonsuit was also denied upon this ground. It seems to me, that these propositions cannot be maintained, and that the exceptions to these rulings at the circuit are well taken. When the plaintiff took the note from Persons, he confessedly, within the assumption and proper ruling at the circuit, did not get to it any valid legal title. He did not become in a commercial sense a *bona fide* holder of the note. He had no

lawful indorsement of it, without which by the law merchant title to it could not be acquired. The note was not made payable to a fictitious person, but to the original patentee of the patent, an interest in which was confessedly sold by the parties who took the note from the defendant and constituted the consideration of said note, and the plaintiff did not sue upon it as a note made to a fictitious person, but asserted title to it as indorsee of Palmer. As against a party ratifying an unauthorized act of the agent or partner, such ratification is doubtless equivalent to an original authority and operates as an adoption of the act, but this rule does not apply as between other parties interested in such act. The doctrine of *relation* is an equitable fiction to protect and effectuate substantial rights. It is not a doctrine to be applied to cut off equities and to further wrongs, or cover up frauds, or promote injustice. In *Bliss* v. *Cottle* (32 Barb., 325), we held that a ratification by a principal of the unauthorized act of his agent could not relate back to sustain an action not authorized when it was commenced, and that the plaintiffs were bound to show their right to commence their action when it was instituted, and so it was held in *Gorham* v. *Gale* (7 Cowen, 739). When this suit was commenced the plaintiff clearly had no legal title to the note, and no right of action under his complaint. The ratification afterward could only operate to the same effect as an original indorsement then made as against the defendant. This was expressly held in *Clark* v. *Peabody* (22 Maine Rep., 530), where the learned judge says : " There can be no ratification of the indorsement of a note which can relate back so as to make that a transfer at a time earlier than the ratification. The ratification can have no greater effect than would the indorsement itself made at the same time by the payee." This must be the true rule, vide also *Fisk* v. *Holmes* (41 Maine, 442). And the transfer of this note by delivery without the actual indorsement by the payee, confers no higher rights upon the plaintiff than those of an assignee of a chose in action not negotiable. It was taken subject to all equities between the

parties and all defences existing before the actual act of rati-
fication. (*Hedges* v. *Sealey*, 9 Barb., 214 ; *Savage* v. *King*,
17 Maine, 301 ; *Haskell* v. *Mitchell*, 53 id., 468 ; *Southard*
v. *Porter*, 43 N. Hamp., 374 ; *Watson* v. *Cabot Bank*, 5
Sand., 423.)

The Code has in no respect altered this rule of the law
merchant in respect to negotiable paper. (*Richard* v.
*Warner*, 39 Barb., 42.) No one could maintain an action
upon this note but Palmer, or some indorsee under him, before
the ratification of the indorsement, except under a special,
equitable title, on grounds which would leave the original
equities open between the parties. No one could acquire in
or to said note the rights of a *bona fide* purchaser of com-
mercial paper without the proper instrument and evidence of
a commercial title by a genuine indorsement of the payee
upon the paper made at or before the time of its transfer.
This is the first step in the process of making title to negoti-
able paper that shall confer greater rights than were possessed
by the original holder. The plaintiff clearly had no such title
when this suit was commenced ; and for this reason, I think
the motion for a nonsuit should have been granted, and the
exceptions taken to the exclusion of the evidence, showing a
defence of the note as between the original parties were well
taken.

A new trial should therefore be granted, with costs to
abide the event.

New trial granted.