Foreman *v.* Beckwith *et al.*

———————•◆•———————

No. 7867.

FOREMAN *v.* BECKWITH ET AL.

CONTRACT.—*When Presumed to be Parol.*—When a contract is not alleged to be in writing, it will be presumed to be by parol.

PROMISSORY NOTE. — *Assignment by Delivery.* — *Defences Permitted to Maker.*—A note payable in a bank in this State is negotiable as an inland bill of exchange, and where the payee assigns such note by delivery merely, the holder has an equitable title, and the right to sue thereon in his own name, by making the payee a party defendant; but such assignment does not cut off any defences which the maker may have as against the payee.

From the Madison Circuit Court.

*C. D. Thompson*, for appellant.

*H. D. Thompson*, for appellees.

NEWCOMB, C.—Appellant sued upon a promissory note, executed by the appellee Beckwith, payable to the Madison County Bank, and at that bank. The complaint is in three paragraphs. The first alleges that the bank sold and assigned the note, before due, etc., to one James E. Prewitt, and that the latter endorsed the same to the plaintiff.

The second paragraph states that, at the time Beckwith executed the note, he delivered it to Prewitt, and that Prewitt, before maturity, endorsed it to the plaintiff.

The third paragraph alleges that the Madison County Bank never had any interest in the note ; that at its execution it was delivered by the maker to Prewitt, and was by the latter endorsed to the plaintiff. Each paragraph avers that the plaintiff purchased the note before maturity, and for a valuable consideration. The Madison County Bank was made a defendant to answer as to its interest in the note.

An answer in twelve paragraphs was filed by defendant Beckwith. To the first a demurrer was sustained, and demurrers to the remaining eleven were overruled, to which the plaintiff reserved exceptions. The bank answered, admitting the execution of the note, but denying all other allegations of the complaint. Replies were then filed to Beckwith's answers, and the cause was tried by the court resulting in a finding and judgment for the defendants.

The assignments of error relate solely to the rulings of the court below on the demurrers to defendant Beckwith's answers, and the only question discussed in the briefs of counsel is whether the note, in the hands of the plaintiff, is entitled to the immunities of commercial paper.

The case is thus stated in appellant's brief : "The question in the case is, is the note sued on commercial paper and governed by the law merchant? If it is, then the demurrers should have been sustained ; but if it is not, then the rulings of the court below on the demurrers were correct."

We are therefore relieved from an examination of the eleven paragraphs of answer.

There was no averment in the complaint that the bank made a written assignment of the note. An assignment may be by delivery merely, and, according to the frequent rulings of this court, where a contract is not alleged to be in writing, the presumption is that it was by parol.

A copy of the note, with Prewitt's endorsement thereon, was filed with the complaint.

The act of March 11th, 1861, concerning promissory notes, bills of exchange, etc., 1 R. S. 1876, p. 635, provides in the 1st section, that all promissory notes, bills of exchange, bonds, and certain other instruments in writing, "shall be negotiable by endorsement thereon, so as to vest the property thereof in each endorsee successively."

Section 6 of the same statute provides, that "Notes payable to order or bearer in a bank in this State, shall be negotiable as inland bills of exchange, and the payees and endorsees thereof may recover, as in case of such bills."

The note in suit was payable in a bank in this State and was therefore negotiable in form. But there was no indorsement of the note by the payee. Assuming, therefore, that the plaintiff was legitimately the owner of the paper, he traced his title from the payee by delivery only; this gave him an equitable title, and the right to institute an action upon it in his own name, by making the payee a party defendant, as provided in section 6 of the code of practice.

Did such parol assignment place the plaintiff in the attitude of a *bona fide* purchaser, so as to cut off defences the maker might have against the payee, or his immediate endorser, Prewitt? The statute, as we have seen, places such notes as the one in question, on the footing of inland bills of exchange. What, then, are the rights of the purchaser of an inland bill, who does not hold the paper by indorsement from or through the payee?

In Daniel on Negotiable Instruments, section 781, the rule, is thus stated : "A bill or note in the hands of one not the payee, and unindorsed, where it is not payable to the payee or bearer, would be open to defences in the hands of the transferree, for such possession and transfer are not in the usual course of business." To the same effect are 1 Parsons Bills and Notes, 278-9 ; 1 Wait's Actions and Defences, 586 ; Story on Bills, sec. 201 ; Edwards on Bills and Notes, 286-7 ; *Haskell* v. *Mitchell*, 53 Maine, 468 ; *Kyle* v. *Thompson's Adm'r*, 11 Ohio St. 616 ; *Hedges* v. *Sealy*, 9 Barb. 214 ; *Southard* v. *Porter*, 43 N. H. 379 ; *Elliott* v. *Armstrong*, 2 Blackf. 198. In view of these authorities, it is manifest that sections 1 and 6 of the act of 1861 did not preclude the defences set up by the defendant Beckwith, and the ruling of the court below was correct. The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and is, in all things, hereby affirmed, at the costs of the appellant.