By the Court.—Sedgwick, Ch. J.
—The answer of one of the defendants denies that the alleged claim and rights of the Tournaphone Music Company mentioned in the complaint, have been duly or otherwise assigned to the plaintiff, and denies that the plaintiff is the owner of the said claim and rights or any of them. The answers of the other *354 defendants make the same denials, and aver “that the plaintiff herein is not the real party in interest, but that the Tournaphone Music Company in the complaint mentioned is the real party in interest,” one of the answers averring “ that the action in truth is prosecuted by and in the interest, and on behalf of the Tournaphone Music Company . . . which company is the real, and ought to 'be the nominal plaintiff herein.” The learned referee, in his able opinion, expressed regret in having been obliged to exclude the paper presented by the plaintiffs as an assignment, because he was satisfied that the plaintiff had been able to make a prima facie cause of action in respect to the other matters charged. On the point on which his decision turned, I do not think it would have been inadmissible for him to have inquired, after the assignment presumptively had been proved, as to the bearing of an averment in the answers that the company which made the assignment was the real party in interest. Such a position possibly may imply that the pleader knew that the company, as a corporation, executed the paper in fact, but executed it for its own, and not for the transferee’s benefit. As, however, one of the answers did not contain such a position, no further reference will be made to this matter.
I do not doubt that unless the"plaintiffs could show that the company transferred its rights to them, he would have no cause of action, nor that the defendants could interpose all legal objections to the manner of proving this, or to the sufficiency of the testimony to prove it. After sufficient proof had been given to show that the transfer had been made, I am of opinion that the defendants could raise no further question. When once the transfer was perfected, although the corporation itself, the stockholders, or the creditors, might invalidate it for cause, the defendants could not. These propositions do not involve a denial that the defendants may rely for the purpose of showing that the transfer was not made by the company, upon some ground that would also invalidate it after it had been made, but they are confined to the former purpose. The cases of *355 Hays v. Hathorn (74 N. Y. 486), and Sanford v. Sanford (45 lb. 723), in their allusions to the City Bank of Newhaven v. Perkins (29 Ib. 554), affect it only so far as any attempt might be made to consider it as authority for a proposition that a defendant, if he raised the issue, might not contest an allegation that the plaintiff was the transferee of the right on Which he brought the action as transferee. The law was recognized to be, that if the legal title was in the plaintiff, all methods of assailing the transfer were unavailing to a defendant situated as the present defendants. Sheridan v. Mayor (68 N. Y. 30), was cited with other cases to sustain this. The matter is clear in the case of a transferor who is a natural person. It becomes complicated sometimes when the plaintiff claims to be the assignee of a corporation. The only question then that the defendants could raise was whether the paper in proof was a transfer which, as against the corporation, vested title in the plaintiff at the time of delivery, or at any subsequent time. For the purposes of this action, the transfer would be sufficient even though the corporation might have had rights that would enable it to avoid the transfer or to succeed in an action to annul it if the corporation had not exercised such rights. The plaintiff was entitled to the benefit of the transfer if it were not altogether void against the corporation up to the time that the present action was begun.
The case involves the following facts : On the trial the plaintiff offered in evidence a paper purporting to be a transfer by the corporation of certain rights of action, among which was the present right of action. The referee held that there was sufficient proof of its execution in the commissioners certificate attached to it. The case requires us to assume that the seal which made the impression upon the paper was the corporate seal. On the face of the paper F. L. Faulkner appeared to have signed for the company as treasurer and to have affixed the seal. The referee, however, refused to receive it in evidence, on the ground that the testimony in the case showed that F. L. Faulkner had no *356 authority from the company to sign for it or to affix its seal, and therefore it was not a transfer by the company. The result was a dismissal of the complaint on this ground.
I am of opinion, that if the paper had been received in evidence, it would not have conclusively appeared that the plaintiff was not the transferee of the company. The decision made, in my judgment, failed to give full effect to the presumptions from the actual execution of the paper, and to the rules of law that bind corporations by estoppel. In Trustees Can. Academy v. McKechnie (90 N. Y. 618), it was objected that it did not appear that the person signing as president had been authorized to execute the mortgage. The court said, quoting section 224 of Angell & Ames on Corporations, that: “Where the common seal, of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by proper authority.” “The certificate of the acknowledgment of a deed is received without proo’f of the official character of the officer presenting it. The contrary must be shown by the objecting party.” The paper thus being properly in evidence, there would be the further presumption from the seal and the statement of the paper that the corporation, as a corporation, had received the “other valuable considerations” for which the transfer was made, which were in value as great as the thing transferred. This being a presumption against the corporation, it extends to a knowledge of the facts on the part of all having power to act, for the corporation in affirming or disaffirming anything alleged to have been done by an officer without authority. There would be no presumption that the individual who acted for the corporation, and received the considerations retained them personally, but the presumption would be that they went to corporate uses. It is further to be considered that all the officers and all beneficially interested in the corporate affairs, were witnesses in the case. Their testimony is not given, but as the transfer should have been received in *357 evidence, unless the evidence otherwise affirmatively showed that it was not the act of the company, it ought to be taken that none of them disaffirmed the transfer. Particular attention will be given to the proof of formal ratification after the action begun. There was no proof that the corporation had returned or offered to return the consideration received by it, nor that the plaintiff knew of any irregularity or .want of formality, in what occurred before the execution of the document.
On account of these facts, the corporation, by the laws of this state was estopped from asserting that the' transfer was not valid or had not been made. In Whitney Arms Co. v. Barlow (63 N. Y. 62) the following principles are announced: “ It is now very well settled, that a corporation cannot avail itself of the defense of ultra vires, when the contract has been, in good faith, fully performed by the other party and the corporation has had the full benefit of the performance and of the contract. If an action cannot be brought directly upon the agreement, either equity will grant relief, or an action in some other form will prevail. The same rule holds if the other party has had the benefit of a contract fully performed, he will not be heard to object that the qontract and performance were not within the legitimate power of the corporation.” The case approves the opinion of Comstock, Ch. J., in Parish v. Wheeler, (22 N. Y. 494), "That the executed dealing of corporations must be allowed to stand for and against both parties, where the plainest rules of good faith require.”
' Upon a corporation coming into existence, besides the special laws of its creation and mode of action, it is the subject of the general law of the land, and therefore bound by equitable obligations. If it receive and use a consideration paid, that affirms the transaction in which it was paid, the corporation is estopped from going into other matters of power, regularity, etc. (Scott v. Middletown R. R. Co., 86 N. Y. 200; Sheldon H. B. Co. v. Eickemeyer H. B. M. Co., 90 N. Y. 607).
*358 Without holding that the various objections, taken to the validity of the transfer would be sound, in behalf of the company, if it were not for these considerations, it must be held that, in view of them, the corporation could not raise the objections. It was argued that the foreign statute under which the corporation was formed made it incapable of authorizing the transfer, as that statute required that the business of the corporation should be done by at least three directors, whereas, at the time, there were but two directors ; that the by-laws required that the business should be done by four directors, three-fourths of whom should constitute a quorum ; that the by-laws directed that all contracts of a certain kind should be executed by the president and treasurer; that no direction was given by such directors as these were, that the transfer should be made. These matters were immaterial, inasmuch as the transfer bound the company by force of equitable principles which was not impaired by any of these matters, and the company would be estopped from setting them up.
Hoyt v. Thompson (5 N. Y. 320), illustrates the position, that has been taken. ' In it, it was held that the act of certain officers in affixing the seal of the company, was unauthorized, according to the averments of the bill which had been demurred to. The case was one where the transfer had been made as collateral- security for an antecedent debt. Judge Paige specifically referred to this, in saying, “But inasmuch, as the state of Michigan received the .assignments as collateral security merely for an antecedent debt, the Merced Canal and Banking Company, or its representatives, are not estopped from denying the authority of its president and cashier to execute and deliver the assignment. In a subsequent appeal, after trial on issue of fact (Hoyt v. Thompson’s ex’rs., 19 N. Y. 207), Judge Comstock held that the corporation, like an individual, might ratify the acts i of its agents done in excess of their authority, and that | such ratification might in many cases be inferred from an (informal acquiescence in and approval of these acts.
In Murray v. Vanderbilt (39 Barb. 140), Judge Ingra *359 ham examined the facts to ascertain whether the presumption from the seal being affixed had been rebutted. This one conclusive fact appeared, the seal had been attached to a press, and they having been sold by the sheriff, were bought in by Mr. Cross, who afterwards signed as president, and affixed the seal. There were other important facts, but it clearly appeared that there had been no re-adoption or use of the seal by the company. The assignment was not made upon consideration received by the corporation.
In Moore v. Rector, &c. of St. Thomas (4 Abb. N. C. 51), the narrowest case was made for the decision of the court. Judge Gilbert says, in his opinion, that the only authority claimed “was derived from a resolution recorded in the minutes of a meeting of the vestry. There were but four vestrymen at the meeting. The act of incorporation said, that no board of trustees should be competent to transact any business unless a majority of vestrymen were present. In the case five vestrymen were required to make a majority. Of course the facts of the case disposed of the presumption on the ground which the parties selected to rely upon.
After the referee had made the decision which has been reviewed, the plaintiff offered to give in evidence a formal resolution of the board of directors of the corporation, made after the action was begun, and which ratified the act of Faulkner in executing for the company the transfer. The proposed evidence was excluded on the ground that if it was not a valid assignment when first offered in evidence, it could not during the progress of the trial be ratified so as to give it retroactive effect as between the litigants in this action without their assent thereto. I am of opinion, however, that however cumulative such a ratification might be, under the facts as they were, yet that it was, in connection with the other facts, some evidence as to whether or not there had not been before the beginning of the action an actual acquiescence and ratification afterwards put in the formal shape of a resolution.
My personal opinion is, that the resolution would have ' been of itself sufficient and competent proof of an assign *360 ment at the beginning of the action. It was only evidence, and would not have called for a supplemental complaint. And on the facts of this case, I do not perceive that between the time of the assignment and the formal act of ratification there had been anything involved in the issues which conferred at the time, on the defendants, any right which would have made it unlawful or inequitable to give full force to the retroactive effect of a ratification. I prefer not to make a decision on this ground, as it would require the examination of several cases, such as Tiffany v. Bowerman (2 Hun, 643); McCullough v. Colby (4 Bosw. 603); Gilbert v. Sharp (2 Lans. 412); Bliss v. Cattle (32 B. 325); Gorham v. Gale (7 Con. 739), and this seems not to be necessary in view of the other facts.
The judgment should be reversed with costs, new trial ordered, and the order of reference vacated.
Freedman and O’Gorman, JJ., concurred.