FRANKLIN BANK *vs.* E. & H. RAYMOND.

THIS was an action of assumpsit, tried at the New-York circuit, in June, 1828, before the Hon. OGDEN EDWARDS, one of the circuit judges.

The declaration was on a promissory note for $497,30, dated the 12th May, 1824, made by J. H. Cunningham, payable in 90 days to E. W. A. Bailey, and endorsed by him and by the defendants, who were sued as second endorsers. The defendants pleaded the general issue, and gave notice of set off.

The question in this case arose on the defence set up. The defendants proved that the note in question was received from Bailey in *exchange* for a note of the same sum and date made by the defendants to Bailey. That on the 14th June, the defendants obtained the note received of Bailey to be discounted at the Franklin Bank to their credit. Subsequently notice was received at their counting room, from the Franklin Bank, that the note given *by* them *to* Bailey was payable on the 13th August ; on which day an agent of the defendants, who had charge of their business, (they being absent from the city,) sent a lad to the bank with a check to pay the note. The lad returned with the note marked *paid*. The agent, discovering that it was not endowed by Bailey, within one or two hours afterwards took it to the bank, offered it to a teller, and requested him to return the check. He was told that the note belonged to the *Hoboken Bank ;* that it had been left by them for collection ; that the amount had been carried to their credit ; and that the payment could not be rescinded. The witness stated to the officer of the bank, that he could not recognize the application of the check to the unendorsed note ; that the defendants had unsettled accounts with Bailey; were under responsibilities for him independent of that note ; and that Bailey had died insolvent. The conduct of the agent in thus repudiating the application of the check to the payment of the note given by

A set off of money paid on a note, will not be allowed in a subsequent action, (on the principle of recovering back money paid by mistake) where the party paying, being the maker of the note, was ignorant at the time of payment, of the fact that the note had not been endorsed by the payee to the holder ; it appearing conclusively that, although not endorsed, the note was transferred to the holder before maturity for a valuable consideration, and that the omission to endorse happened by inadvertence.

UTICA,
August, 1829.

Franklin Bank
v.
Raymond.

the defendants to Bailey, was on the same day communica-
ted to and approved by one of the defendants. The note
taken up was not produced on the trial, but its non-produc-
tion was accounted for to the satisfaction of the judge. The
defendants proved that the check drawn by the agent was in
the names of the defendants, on funds belonging to them in
the Franklin Bank, and that the same was charged to them.
They further proved that Bailey was indebted to them on a
promissory note, in the sum of $250, bearing date the 17th
June, 1824, payable in ninety days; and in the sum of $28
27, being a book account of the date of the 1st May, 1824;
and that he died insolvent before the maturity of the note
lent him.

On the part of the plaintiffs, it was proved that the note
taken up by the defendants was discounted before due, at the
*Hoboken Bank,* for the accommodation of Bailey, who re-
ceived the avails; that the note was delivered to the bank,
but through inadvertence it was *not* endorsed by Bailey.
Sometime after the note was discounted, the cashier of the
Hoboken Bank discovered that it was not endorsed, and
sent to procure Bailey's endorsement; but he was either too
ill to do it, or dead, at the time it was so sent. The note was
deposited in the Franklin Bank for collection, and that bank,
upon its being paid, credited the Hoboken Bank with the
amount.

The judge charged the jury, that if they found that the
note taken up at the Franklin Bank with the check of the
defendants was made for the accommodation of Bailey, and
given in exchange for the note declared on in this case, and
that the defendant's knew that Bailey's intent was to put the
same into circulation, the defendants had sufficient notice to
put them upon the inquiry, whether Bailey had not passed
away their note; and that a *delivery* of the note by Bailey to
the Hoboken Bank, and his receiving the amount upon
discount from that bank, vested in that bank the right to
the money paid into the Franklin Bank. The counsel for
the defendants excepted to the charge. The jury found a
verdict for the defendants. A motion was now made, on the
part of the plaintiffs, to set the same aside.

*R. Bogardus*, for plaintiffs. By the delivery of the note to the Hoboken Bank on their discounting the same, the note became the property of that bank, who had a right to receive payment and cancel the note. An assignment of a chose in action need not be in writing; delivery for a proper consideration is sufficient. (12 Johns. R. 346. 17 id. 284. 19 id. 95, 342.) Courts of law will take notice of and protect the rights of assignees of choses in action. (1 Johns. C. 51, 221. 3 Johns. R. 425. 4 id. 403. 12 id. 343.) The defendants here had such knowledge of the facts and circumstances as imposed upon them the duty of inquiry whether the note given by them had or had not been negotiated.

*G. Griffin*, for defendants. The note drawn in favor of Bailey not having been endorsed by him, the defendants had the same defence against the holders of the note, which they would have had against Bailey, had it remained in his hands. As against him, the note declared on in this case would have been a set off; the defendants, besides, had other set offs. The Hoboken Bank could claim nothing under the law-merchant. (1 H. Black. 605.)

The note having been paid by *mistake* in matter of fact the defendants had a right to revoke the application of the check, and to direct the funds to the payment of the note declared on. (7 Wheaton, 14. Douglass, 637.)

*By the Court*, MARCY, J. The note given by the defendants to Bailey had not been transferred by him according to the custom of merchants. The holders of it could not therefore maintain an action upon it in their name; but Bailey had assigned it without endorsement, for a valuable consideration, to the Hoboken Bank. He had therefore parted with all his property in it, and the bank had aquired what interest he possessed in it. The holders stood in the relation of assignees of a *chose in action*, and not endorsees, and held the note subject to the equities existing between the original parties. (13 Mass. R. 305.) While thus situated, the defendants, under the belief that Bailey had negociated the note, paid it to the assignees, or, which is the same thing, to

*UTICA,*
*August, 1829.*

*Franklin Bank*
*v.*
*Raymond.*

their agents, the plaintiffs in this suit. After payment, the note was delivered to them, and they then discovered that it had not been negotiated, and that consequently, in the hands of the holders, it was subject at the time of the payment to a set off to the full amount of it. They did what they could to recall the payment. They offered to restore the note, and gave immediate notice to the plaintiffs that they should not recognize the application of the money to it. If the payment was recalled, or never took effect, the amount paid was a demand that ought to be set off in this action.

It is said the defendants had a right to apply the payment to the demand for which this suit is brought. A person paying money has undoubtedly a right to apply it as he pleases; but if he does not give express direction, or the circumstances are not such as to imply a direction, the person receiving it may make the application. In this case, however, the money was applied. It was sent to the bank expressly to take up the note given by the defendants to Bailey, and for that purpose it was received. No question can properly arise as to the right of making the application by either the payees or the receivers.

The money was paid by the defendants in ignorance of their rights. Does this circumstance, connected with the acts of the defendants to rescind or disaffirm the payment when they found the note had not been negociated, actually rescind the payment, and leave the money in the hands of the plaintiffs to be set off in this action? or, to state the question in other words, perhaps more clearly, could the defendants, after disaffirming the payment, have maintained an action against the plaintiffs for the money thus paid? The general principle of law is indisputable, that if a party pays money under a mistake of the real facts, without any negligence imputable to him for not knowing them, he may recover back such money. What sort of facts are meant? Such facts, I apprehend, as shew that the demand on which the money was paid did not actually exist against the person paying at the time the money was paid. The cases collected by Comyn, (2 Comyn on Contr. 35, 41,) and those referred to by Saunders, in his Treatise on Pleadings and Evidence,

675, are of this character. The case which, in my opinion, goes the farthest towards sustaining the position contended for by the defendants, is that of *Milnes* v. *Duncan*, (6 Barnw. & Cress. 671.) A bill of exchange was drawn in Ireland, on a stamp less in amount than is required for such a bill drawn in England; but there was nothing on the face of the bill to shew where it was drawn. The acceptor became a bankrupt, and the holder applied to the endorser from whom he received it, to pay; but he refused, on the ground that the holder had not given notice, and had made it his own by his *laches*. The holder then threatened to sue for the amount he had paid the endorser for the bill, on the ground that he had passed to him a void bill, by reason of its not having the stamp required for a bill of that description. Believing that such was the fact, the endorser paid the bill, but he soon discovered that it had been drawn in Ireland, and that the stamp was sufficient, and brought his action for the sum he had paid, and recovered it. In that case it was clear that the plaintiff was wholly discharged from all liability as endorser on the bill, by the neglect of the defendant to give him notice; and that the money was paid after his liability had in fact ceased, but while he supposed it to exist, in consequence of his ignorance of the place where the bill was drawn.

The case before us is not only different, but so essentially different as to exclude, in my opinion, the application of the principle which permits money paid in ignorance of facts to be recovered back. The debt paid by the defendants was one that subsisted against them at the time of payment. The fact of which they were ignorant, did not shew that there was no debt existing at the time; it only shewed that they were in a situation which enabled them to set-off against the demand they had paid, a demand due to them from Bailey. I do not find any case where money paid on a substituting demand has been recovered back on the ground that the person making the payment has subsequently discovered facts that shew he had a set-off against the demand. It may be thought that this note having been transferred without endorsement, was open to be impeached in the same manner as if it had remained in the hands of Bailey; and as *the note*

which Bailey gave for it had not been paid, it was void for want of consideration; and therefore there was not in fact a subsisting debt against the defendants at the time the money was paid. The facts do not warrant this position. Cunningham's note, endorsed by Bailey, was a good consideration for the note executed by the defendants. One promise is a sufficient consideration for another. According to the principles laid down by Lord Mansfield, in *Price* v. *Neal*, (3 Burr. 1354,) money paid by mistake or ignorance of facts, can never be recovered unless it be against conscience for the defendant to retain it. The operation of this principle destroys the defence in this case; for it will scarcely be contended that it is against conscience for the Hoboken Bank to retain the money. The defendants gave the note to Bailey, not doubting that he would negotiate it; and on the reasonable supposition that he had done so, they paid it. The Hoboken Bank paid the amount of the note when it was transferred to them by Bailey, intending it should be, and believing it had been duly negotiated to them. By mistake it was not, and by ignorance of this mistake the note was paid. It was by a mere accident that the defendants were in a situation to avail themselves of their set-off at the time the note became due; and it was because ignorant of this accident that they failed to avail themselves of this advantage. To retain the money paid under these circumstances cannot be against conscience. I am therefore of opinion that the check was in fact applied, and was properly applicable to the note given by the defendants to Bailey, and left at the Franklin Bank for collection, and is not money in the possession of the bank for the defendant's use, to be set-off against the demand for which this action is brought. There must be therefore, a new trial.

New trial granted.