a Memorandum. — In the vacation previous to this term, to wit: on the 22d of July, 1744, Judge Layton resigned his office of Associate Judge of the State; and the Hon. David Hazzard, of Sussex county, was on the 10th of December, appointed to succeed him.
The defendants below, the Messrs. West, originally brought an action of assumpsit in this court, against the plaintiff below, R. A. Houston, for $90, and recovered $44,50. The costs in that case were $15,15; and there was no affidavit filed to enable the plaintiffs to recover costs under sec. 37, Dig. 351. The costs were erroneously taxed by the prothonotary in making up the record, and the defendant in that case paid them, supposing that the plaintiffs had filed an affidavit under the above section, which would entitle them to costs. This suit was brought to recover back the costs so paid.
Cullen, for defendants, moved a nonsuit, on the ground that money paid by a person under mistake of law; or for want of noticing a fact within his knowledge or power, cannot be recovered back in this action. (2 East. Rep. 468; 1 Eng. C.L. Rep. 43; 1 Dallas Rep. 147; 9 Cowen 674; 1 Esp.N. P. C. 84, 279; 2 Ibid 546; 2 Johns. Ch. R. 51, 60; 13 Eng. C. L. R. 323-5, 293; 1 Wend. R. 355; Smith'sLeading Cases 174; 2 Hall's N. Y. Rep. 252; 3 Wend.Rep. 69, 72.)
Houston, contra, said that the payment was made under a mistake of fact, and could be recovered back. Most of the cases cited, arose under mistake of law. (13 Eng. C. L. R. 293; 1 Leigh. N.P. 54.) The plaintiff in this case was misled by the costs being taxed as if an affidavit had been filed. (1 Steph. N. P.
347-8; 2 East Rep. 469.)
The Court ordered a nonsuit. Where there is a payment in ignorance or mistake of a fact, it may be recovered back, unless the mistake arises from the negligence of the party to examine and take notice of information within his full means of knowledge. Here the plaintiff was party to the very record of the judgment which he was paying, which record showed the fact he now alledges he was ignorant of.