YOUNKER, for the use of Ralston, v. MARTIN.

1. **Promissory notes: HOLDER WITHOUT INDORSEMENT.** The holder without indorsement of a promissory note payable to the *order* of the payee may maintain an action thereon in his own name, but without prejudice to the maker's right of set-off or equities existing before notice of the transfer.

2. —— **ACTION IN NAME OF PAYEE.** In an action on a promissory note in the name of the original payee, for the use of an assignee to whom it was transferred without indorsement, it was held subject to the same defenses as if held by the original payee.

*Appeal from Madison District Court.*

FRIDAY, DECEMBER 23.

ACTION upon promissory note against the maker. The question is one of law as to the liability of the defendant upon the following facts found by the court below: 1st. The note in suit was made by the defendant (Martin), and is payable "to the *order* of William A. Younker," the nominal plaintiff. 2d. The note is wholly *without consid-*

*eration.* 3d. It was fraudulently obtained by the payee (the said Younker) from the defendant. 4th. It was never *indorsed* by the payee or by any other person. 5th. It was passed without indorsement from Younker, the payee, to one Anderson; from Anderson to one Limpus; from Limpus to the said Samuel Ralston, the person for whose use this action was brought. 6th. Ralston is an innocent purchaser *before due* for a valuable consideration paid, and *without notice* that it had been obtained from the defendant fraudulently or without consideration. The above facts are all that are material, but it is further found : 7th. That Limpus verbally guaranteed the same to Ralston ; and that the reason why the latter did not have Limpus indorse the note, was that he did not know that it was necessary. Upon these facts, and these only, the court rendered judgment in favor of the said William A. Younker for the use of Ralston for the amount of the note. To this the defendant duly excepted and appeals.

*Leonard & Mott* for the appellant.

No appearance for the appellee.

DILLON, J. — The appellant makes no question as to the *form* of the action, but denies his liability in law upon the

1. PROMIS- *facts* contained in the statement. Upon those
SORY NOTE :
holder facts it is the opinion of this court that the defend-
without
indorse- ant is not liable, the reasons for which we proceed
ment.
to state as briefly as may be. Our statute in relation to the indorsement and transfer of bills and notes has not altered, but, on the contrary, it adopts the law merchant. Rev., ch. 73. Thus, by § 1794, it is declared, that " notes in writing, made and signed by any person promising to pay to another person, *or his order*, or bearer, or to bearer only, any sum of money, are negotiable by *indorsement*, or delivery, in the same manner as inland bills of exchange,

according to the custom of the merchants." That is, if the note is payable to *order*, it is negotiable by *indorsement;* if to *bearer*, by *delivery.* And see, also, § 1795.

By the law merchant, the note in suit not having been *indorsed* to Ralston, he could not have brought suit thereon in his own name, although he was the beneficial owner; but the action must have been brought in the name of the payee. *Franklin Bank* v. *Raymond*, 3 Wend., 69, 71, per MARCY, J.; Chitty on Bills, 5 Am. ed., 227; 2 Parsons on Notes and Bills, 44, 52, and cases cited in note. But this is changed by chap. 117 of the Rev., §§ 2757, 2760. These sections would give Ralston, as the equitable assignee and real owner of the note, a right to sue in his own name, but without prejudice to any set-off or other defense existing before notice of the assignment. Notes are choses in action, that is, things which must be recovered by action at law; and like all other things in action, they may be assigned, and the title will pass without indorsement. *Houghton* v. *Dodge*, 5 Bosw., 326; 6 Id., 427. These sections simply substitute the rule of courts of equity which permitted the assignee of a chose in action, he being in fact the real owner, to proceed in his own name. (2 Parsons on N. & B., *supra;* Edw. on Bills, 251, note, 286 and cases.) But they do not otherwise enlarge the substantial rights of such assignee. The judgment of the court below overlooks the radical distinction between the *indorsement* (using the word in its proper sense) and the *assignment* of a negotiable note. In a legal as well as mercantile sense, and within the meaning of § 1794 of the Revision, above cited, a note payable to order, to be negotiated by indorsement, must be indorsed by the payee by proper writing, and by subsequent indorsers, if any, to the holders. And without such an indorsement the holder cannot insulate himself from prior equities. When thus *indorsed* for value, before due, and without notice, the holder stands free from

all equities between the original parties. It is only by the law merchant, and our statute recognizing and adopting it, this being founded upon the policy of sustaining the credit of negotiable paper, that an indorsee may recover when the payee may not. 3 Kent Com., 79. But where such a note is transferred without indorsement, the holder, although he obtains title, is not an *indorsee*, but an *assignee*, 2.—— action the assignee of a chose in action, and, as such, in the name of the payee. liable to any " defense or set-off existing before notice of the assignment." Rev., § 2760; *Chamberlain* v. *Gorham*, 20 Johns., 144, and authorities above cited.

It follows that if the facts are such, that the payee could not have recovered at the time the note was assigned to Ralston, or at the time the latter gave notice of the assignment to the maker, then Ralston cannot maintain an action. Therefore, as upon the facts found, Younker could not have maintained an action against the maker, (the note being without consideration, and obtained by fraud), so his assignee (Ralston) cannot; conceding that the latter is entitled to the same rights that he would have had, if the action had been brought in his own name. Without quoting, see, as directly deciding or illustrating the principles above stated, *Hedge* v. *Sealy*, 9 Barb., 214; 2 Parsons on N. & B., 44 to 54; Edw. on B. & N., 286, 251, note; *Franklin Bank* v. *Raymond*, 3 Wend., 69; *Jones* v. *Witter*, 13 Mass., 305; *Bocka* v. *Nuella*, 28 Mo., 180; Id., 598; *Temple* v. *Hays*, Morris, 9; *Long* v. *Long*, Id., 43; *Houghton* v. *Dodge*, 5 Bosw., 326; *Lackey* v. *Oentes*, 6 Id. (Eq.), 199; *Sawgo* v. *King*, 17 Mo., 301; Chitty on Bills and Notes, 227. Upon the facts found, the judgment should have been for the defendant. The cause will be remanded, that such a judgment may be entered.

Reversed.