## PILMER v. THE BRANCH OF THE STATE BANK AT DES MOINES.

1. **Contract:** CASE FOLLOWED. *Pilmer* v. *The Branch of the State Bank at Des Moines,* 16 Iowa, 321, approved and reaffirmed.

2. **New trial:** CONFLICTING EVIDENCE. The Supreme Court will not reverse a judgment on the ground that the verdict is not sustained by the evidence, when the evidence is conflicting.

3. **Bill of exchange:** ERASURE OF INDORSEMENT. The party in possession of a bill of exchange has the *prima facie* right to erase the indorsements thereon.

*Appeal from Polk District Court.*

THURSDAY, JUNE 22:

DRAFT PAYABLE IN "CURRENCY:" EVIDENCE, &C. — Action by the payee against the defendant as the drawers of a draft payable in Chicago, "*in currency.*"

It is the same cause reported in 16 Iowa, 321. It was tried upon the same issues to a jury, and this time resulted in favor of the plaintiff. Defendant appeals.

*Finch, Clark & Rice* for the appellant.

*Philips & Philips* for the appellee.

DILLON, J. — The principal questions of law arising in this cause were very deliberately considered when it was previously before us. See 16 Iowa, 321; *S. C.,* Am. Law Reg., 1865, April No., where the authorities

bearing upon and illustrating the general subject have been most industriously collected by the learned annotator. These authorities, notwithstanding the doubt he expresses as to one point ruled by us, clearly show that our opinion has in its favor not only the decided weight, but the almost unbroken column of decisions. Such, at least, is our understanding of the teachings of the cases. The plaintiff having recovered in full, the present appeal does not call for any further examination of the subject. On the retrial, the District Court laid down the law to the jury precisely in accordance with the decision of this court.

It charged, in substance, that the plaintiff was *prima facie* entitled to recover (if at all) the nominal par amount of the draft in suit; that to reduce this amount the burden was in the defendant to establish two things: 1st. That the word "currency" had acquired a local, secondary or peculiar meaning among business men, and others; 2d. That the plaintiff *knew* of this special or acquired meaning, and accepted the draft with reference thereto.

The jury found for the plaintiff. It is now assigned as error that the verdict was against evidence. The plaintiff directly testified that he did not know of this meaning. The most that appellant can justly claim is that the evidence is conflicting, and we cannot, therefore, on principle, disturb the verdict.

2. NEW TRIAL: conflicting evidence.

It appears that some time in May, 1861, one Smith bought hogs of the plaintiff, a farmer, and gave him a check on the defendant, payable in "Chicago exchange." Against this, or for this, the draft in suit was drawn; and this, and not the check of Smith, measured and governed the rights and liabilities of the parties. The court did not err, therefore, in refusing to charge, at the defendant's instance, that the plaintiff was bound to know what "Chicago exchange" meant. Except as bearing upon the plaintiff's *knowledge* of the alleged special meaning of

the word "currency" (as to which the jury were properly directed), the prior check of Smith was in this action wholly irrelevant.

II. The draft, when introduced in evidence by the plaintiff, showed, on its back, an unerased indorsement from **3. BILL OF** him to Childs & Howell or order, and from the **EXCHANGE: erasure of** latter to V. D. & Co. or order. The plaintiff **indorsement.** was allowed to testify that he had, on the draft being protested, taken it up and was now the owner of it. Of this, appellant complains. Being in possession of the draft, the plaintiff *prima facie* had the right to erase the prior indorsement, and recover as payee without the evidence now objected to. That the plaintiff produced more evidence than he was bound to do, is a matter for which the defendant cannot claim a reversal.

Affirmed.