KING v. GOTTSCHALK *et al.*

1. **Husband and wife:** CHOSES IN ACTION. While the wife's choses in action do not, by mere operation of law, either pass to the husband or authorize him against her consent to sue upon them either in his own name or in their joint names, she may give or deliver them to him, and this would authorize him to sue in his own name.

2. **Promissory note.** Suing upon a promissory note and producing it at the trial is *prima facie* evidence of plaintiff's ownership of the note.

3. Practice: JUSTICE'S COURT. In an action in a justice's court upon a promissory note the plaintiffs, in the original notice, described them selves as heirs of the payee. *Held,* That the notice did not, under the circumstances, show that they sued *as* heirs.

*Appeal from Dubuque District Court.*

THURSDAY, DECEMBER 20.

ACTION ON NOTE: OWNERSHIP: PRACTICE ON APPEAL, &C.—Action before a justice of the peace. No petition was filed. The notice informed defendants " that John King, Geo. W. Scott, Emerine Kennedy, and M. Emerson, heirs at law to Samuel King, deceased, claim of you $85, due them, being balance due on a certain promissory note, dated, &c., for the sum of, &c., and made payable to Samuel King, or order, and unless you appear, &c."

Defendants simply " denied plaintiff's claims as heirs at law, to Samuel King deceased." No further answer was filed, or defense made. Plaintiffs had judgment, and defendants appealed to District Court.

In that court plaintiffs introduced, on the trial, the note sued on. And John King testified, " that the payee died before the suit was brought, and the following were his heirs, viz: John King, Emerine Kennedy, Mary Ann and Elizabeth, and that Mary Ann and Elizabeth had, before the bringing of this suit, intermarried with George W. Scott and M. Emerson, respectively, parties plaintiff to this suit." This was all the testimony. The court rendered judgment for plaintiffs. Defendants appeal.

*Monroe & Deery* for the plaintiffs.

*F. Gottschalk* for the defendants.

DILLON, J.—The court was right.

Reasons : Let it be granted that under our statute the wife's choses in action do not, by mere operation of law,

**1. HUSBAND AND WIFE: choses in action.** either pass to her husband or authorize him, against her consent, to sue upon them either in his own name or in their joint names, still, she can *give* and *deliver* them to him, and this would authorize him to sue in his own name. *Logan* v. *Hall*, 19 Iowa, 491; *Jones* v. *Jones*, Id., 236; *Peck* v. *Hendershott*, 14 Id., 40. See and compare *McDowell* v. *Bartlett*, Id., 157; *Oliver* v. *Depew*, Id., 490.

Being in possession of the note, suing upon and producing it upon the trial, this was *prima facie* evidence **2. PROMISSORY NOTE: possession.** of the plaintiff's ownership of the note, and sufficient evidence, if nothing further was shown, to justify a recovery upon it. *Pilmer* v. *Bank*, 19 Iowa, 112; *Younker* v. *Martin*, 18 Id., 143.

This presumption of ownership was not overcome by the testimony. This simply showed who the heirs were. It did not rebut the presumption of ownership and right to sue arising from the *possession* of the note by two of the heirs and the husbands of the other two.

But appellant objects, that, admitting this to be true, still they could not sue as *heirs* of Samuel King. But **3. PRACTICE: Justice's court.** they did not sue *as* heirs; and even if they did the statement in the notice in this respect may well be regarded as *descriptio personæ*, or rejected as surplusage, or disregarded under the statute (Rev., § 3932) as immaterial.

It would scarcely accord with the spirit of the statute or with the broad charity which is extended toward the pleadings and proceedings of justices' courts, to draw upon them the fine sight, or subject them to the critical tests proposed by the appellant's counsel.

Affirmed.