THOMAS H. REDMOND *vs.* JAMES E. STANSBURY.,

The holder, without indorsement, of a promissory note payable to the order of the payee, may maintain an action thereon in his own name, but without prejudice to the owner's right of set-off or equities existing before the notice of the transfer.

REDMOND vs. STANSBURY.

Sueing upon a promissory note, filing it with the Justice of the Peace at the time of joining issue, and producing it at the trial, is *prima facie* evidence of the plaintiff's ownership of the note.

Error will not be presumed; to be considered it must affirmatively appear.

*Jackson Circuit, March,* 1871.

*Certiorari* to Justice's Court.

Suit was brought before J. A. Dyer, Esq., a Justice of the Peace, by the defendant in error, against the plaintiff in error, upon a promissory note; dated November 15th, 1871, signed by the Plaintiff in error, payable thirty days after date, to the order of the Stansbury Oyster Co., at the First National Bank, Jackson, Michigan The declaration was the usual common counts, and the note itself produced and filed with the Justice in the cause at the time of declaring. Defence, general issue and notice of set-off.

The allegations of error assigned in the case, are as follows:

1. The Justice improperly received the hearsay evidence of John Sharp.

2. The Justice improperly refused to non-suit the plaintiff upon the points taken by the defendant's attorney.

3. The Justice improperly admitted the note as evidence of the indorsement, without proof of the hand writing of the endorser, and the agency of Goldsmith for the Stansbury Oyster Co., on the ownership of the note by the plaintiff.

4. The Justice improperly allowed John Sharp to appear as the plaintiff's attorney without further proof of his authority.

5. There was no proof to authorize a judgment for plaintiff, and the judgment so rendered by said Justice is contrary to law and the evidence given on the trial of the cause, and is otherwise defective, irregular and illegal.

*C. C. Burt*, for Plaintiff in Error.

*J. D. Conely*, for Defendant in Error.

*By the Court,* Higby, J.—The fourth assignment of error is not well taken, as Mr. Sharp's authority is sufficiently proved, and the defendant appeared and made no objection of that kind before the Justice.

The second assignment of error is not based upon any action before the Justice so far as shown by the return, and besides, the practice of compulsory non-suit does not exist in this State.

The third assignment so far as it refers to the admission of the note as evidence of the hand-writing of the payee by L. Goldsmith. is not based on or supported by the return of the Justice. There is no statement that it was so received or that the handwriting or authority of Goldsmith were in any manner proven, or considered as proven by the Justice.

The case must be considered therefore in that respect as wholly wanting in proof of the endorsement of the note by payee therein.

The fifth assignment of error is in substance that the case made out before the Justice, was not such as authorized him to render a judgment for the plaintiff. That the evidence is not sufficient to support the judgment.

Before considering this I will refer to the subject matter of the first assignment of error, to wit: That the Justice improperly received the hearsay evidence of John C. Sharp. The statement of Mr. Sharp, upon mere information which he received in the case from the plaintiff, is certainly not legal evidence in the case. The only portion of Mr. Sharp's statement that can be considered as evidence, is the statement that he presented the note to the defendant, and his admission of its genuineness—that he was authorized to appear for the plaintiff—the amount of the note, and that he received the note from the plaintiff. This, with the production of the note itself and filing it under the statute must be considered as the only legal evidence in the case. Unless the judgment can be sustained upon this evidence, and without reference to the hearsay testimony, it must be reversed. It it can be, then the plaintiff was not injured by the hearsay testimony, and the judgment should be affirmed. *C. L.*, Sec. 3881, page 1088.

How then does the case stand upon the merits?

The note being filed with the Justice at the time of joining issue, as a part of the plaintiff's declaration, and not denied by the defendant on oath, it was unnecessary for the plaintiff to prove its execution. It was substantially admitted

There was no evidence of its endorsement by the payee.— The plaintiff cannot therefore be regarded as an endorsee under the law merchant. He held the note, if at all, as an assignee of a chose in action, and the only evidence of the assignment to him of the note is his possession of it, and its production by him in pleading and at the trial.

It is claimed by counsel for defendant in error that an assignment of the note need not be in writing; that delivering for a proper consideration is sufficient, and that possession of the note by the plaintiff and his production of it on the trial, is *prima facie* evidence of such delivery, and that under the law of 1863, suit may be maintained in the name of the assignee.

That the assignment may be by delivery for a valuable consideration and without writing, is abundantly sustained by authority. 1 *Parsons on Contracts*, 197; *Id.*, 192; 12 *J. R.*, 346; 17 *Id.*, 284; 19 *Id.*, 95 and 342; *Jones vs. Winter*, 13 *Mass.*, 305; *Franklin B'k, vs. Raymond*, 3 *Wend.*, 69.

The decisions in the two last cases were both where promissory notes payable to the payee or order, were transferred by delivery merely, without endorsement. It was held that such delivery was a sufficient assignment to transfer the title of the note to the holder, but that he acquired none of the peculiar rights of an endorser under the mercantile law. That he held the note subject to all equities of the maker against the payee, and could not maintain a suit in his own name. In short, he held it with the same rights which would attach to the assignee of any other non negotioable chose in action, and no more.

Mr. Justice Parsons, delivering the opinion of the Court in 13 *Mass.*, says: The facts of the assignment may as well be proved by witnesses as by the name of the payee on the back of the paper, when the person claiming to be assignee holds the paper and proves it was delivered to him in consideration of money or other valuable thing paid for it."

In the 3d of *Wendell*, referred to, the decision was upon a promissory note payable to Bailey or order. Bailey procured the Hoboken Bank to discount it and delivered it to the bank, but through accident it was neglected to be endorsed by him, and he died before its maturity. Marcy, J., in delivering the

opinion of the Court, says, that "he, (Bailey,) had therefore parted with his interest in the note, and the bank had acquired what interest he possessed in it. The holders stood in the relation of assignees of a chose in action, and not endorsees, and held the note subject to the equities existing between the original parties."

The act of 1863 referred to, allows the assignee of a chose in action to maintain suit in his own name, but still subject to all eqities existing between the original parties. The only effect therefore of this statute is that the suit may be brought directly in the name of the assignee and not necessarily in the name of the payee, for his use, the right of the maker as to any offset or other defence he may have against the payee being unimpaired.

It is not correct therefore as argued by counsel for plaintiff in error, that by the proceeding in this case, the defendant (plaintiff in error) was prevented from making any defence he may have had against the original payee. No evidence of such defence was offered, and consequently no ruling was made by the Justice on that point. If such evidence had been offered, it would have been the duty of the Justice to receive it. The case cited in 18 *Iowa Reports*, page 143, *Yonkers vs. Martin*, where there is a similar statute allowing the assignee of a chose in action to sue in his own name, very fully sustains the position above taken.

The only remaining question is whether there should have been proof of the actual transfer and delivery of the note to the plaintiff, for a valuable consideration paid, or whether the possession of the note by him and its production on the trial, was sufficient *prima facie* evidence of such assignment and transfer in the absence of any circumstance to cast suspicion upon his being a *bona fide* holder.

It will be found, I think, that those cases which place the rights of the assignee upon the fact of delivery for a proper consideration, do so with reference to the right of the maker to assert and maintain his equitable or legal defence against the assignor. He will not be debarred from making such defence simply on the fact of the assignment, although he may be notified of it. His rights as against the payee will not be affected

unless the transfer was for a valuable consideration, so as actually to transfer to the assignee all the rights legal and equitable of the assignor. If he has no defence as against the payee or is protected in his right to set up such defence, what interest has the maker in the question as to who shall hold the claim or be his creditor?

His interests are in no manner affected. It is indifferent to him whether he pays or accounts to one or the other. The on y question *material to him,' therefore, is whether in fact the note has be n transferred by the payee.* It is wholly immaterial to him whether such transfer was for a consideration or without consideration, because if actually transferred by delivery or otherwise, he will be protected in paying it to the transferee or assignee, whatever the transaction may have been between the payee and the assignee.

The general rule is well established that possession of chattels is *prima facie* evidence of ownership. Why should not the same rule apply to choses in action? Upon what principle can it be contended that possession of a horse or watch is evidence of ownership, that will not equally apply to a promissory note or other chose in action? It seems to me the reason of the rule is as strong in favor of the latter species of property as the former, and Chief Justice Parsons, in 13 *Mass*, referred to, says there is no reason why a contract may not be assigned by delivery and without writing as well as a personal chattel. If so, possession of the one must be equally evidence of such delivery as the possession of the other.

The case of *King vs. Gottschalk et. al.*, 21 *Iowa*, 513, fully sustains this view. In that case the plaintiff showed no right to the note, (it being payable to the order of another and not endorsed,) except simply possession and production on the trial, as in this case, and the Court, Judge Dillon pronouncing the decision says: "Being in possession of the note, sueing upon and producing it upon the trial, this was *prima facie* evidence of the plaintiff's ownership of the note, and sufficient evidence if nothing further was shown, to justify a recovery upon it."

This disposes of the objections raised to the proceedings before the Justice in this case. It shows that independently of

the hearsay testimony of the witness, J. C. Sharp, and entirely excluding it from consideration, the judgment was not erroneous, and therefore the plaintiff in error was not and could not be injured by that evidence. If this were not so, it is difficult to see how advantage could be taken of the improper evidence as the return of the Justice stands. It appears that after the hearsay evidence was taken, the defendant's attorney objected, but there is no statement whether that objection was sustained or overruled, or whether that evidence was considered in deciding the case or not. It does not appear affirmatively, therefore, that any erroneous ruling was made upon that objection by the Justice. Error cannot be presumed; it must affirmatively appear, to be considered as error.

The judgment of the Court below must be affirmed, with costs.

[See *Zeller vs. Harris*, 1 *Mich. Nisi Prius*, 75.]