By the Court.—Freedman, J.
The Revised Statutes provide : “All notes in writing, made and signed by any person, whereby he shall promise to pay to any other person or his order, or to the order of any other person, or unto the bearer, any sum of money therein mentioned, shall be due and payable as therein expressed, and shall have the same effect and be negotiable in like manner as inland bills of exchange, according to the custom of merchants” (3 Rev. Stat. 5th ed. 67, § 1).
“The payees and indorsees of every such note payable to them or their order, and the holders of every such note payable to bearer, may maintain actions for the sums of money therein mentioned against the makers and indorsers of the same respectively, in like manner as in cases of inland bills of exchange, and not otherwise” (lb. §4).
According to the custom of merchants, when a notéis made payable to the order of the maker, or of a third person as payee therein named, the name of such maker or payee must appear as the first indorsement.
But in some instances title to a note may be-acquired without such indorsement. The delivery of a promissory note by the payee for a valuable consideration, without indorsement, is an assignment of the note, and conveys all his property therein. In such case the holder stands in the relation of assignee of a chose in action, and not in the relation of an indorsee, and, therefore, holds the note subject to the equities-existing between the original parties (Franklin Bank v. Raymond, 3 Wend. 69). Formerly he could not maintain an action upon it in his own name. But since the Code, the action must be brought in his name, he being the real party in interest (Code § 111; Savage v. Bevier, 12 How. Pr. R. 166; Marine Bank v. Vail, 6 Bosw. 421).
Defendant’s motion for a dismissal of the complaint *16 was made on the sole ground, that the plaintiffs had failed to prove title to the note, or a valid transfer of the same by Perkins to them. This ground being untenable, and there being no other ground incapable of being obviated, the motion was properly denied, and as no other motion or request was made on the ground of the supposed existence of the equities hereinafter referred to, nor any evidence given on the part of the defense, the court could not do otherwise than direct a verdict for the plaintiffs.
I have thus far considered the question presented by defendant’s exception to the refusal to nonsuit, from, the standpoint most favorable to the defendant, namely, upon the assumption that the action was brought solely upon the second note of fifteen hundred and eighteen dollars. But such is not the fact. The complaint set out, and plaintiffs’ proof at the trial established, not only the title of the plaintiffs to, and their right to recover on the said note, as against the only objection which was urged against their right of recovery, but also the facts and circumstances which led the defendant to give, and the plaintiffs to accept, the said note. These facts and circumstances furnished strong additional reasons for defendant’s liability. True, they showed, among other things, that the first note for two thousand dollars had been made and delivered to William Wallace Perkins for his accommodation. But that constituted no available defense on that note as against the plaintiffs, who discounted it for the benefit of Perkins. This was fully conceded before us by the learned counsel of the defendant. Upon the maturity of that note, which had been indorsed by Perkins, the liability of the defendant and of Perkins to the plaintiffs for the amount thereof became fixed. Perkins, at defendant’s request, then arranged that the plaintiffs should receive five hundred dollars on account thereof; that for the balance they *17 should accept a new note made by the defendant to the order of, and indorsed by Perkins, and that they should deliver up the old note. This arrangement was communicated by Perkins to the defendant, and the latter not only agreed to it, but he also carried it into effect, so far as he had the power to do it. He made out a new note for fifteen hundred and eighteen dollars, payable to the order of Perkins, and delivered the same, together with the sum of five hundred dollars, not to Perkins, but at Perkins’ request, to the plaintiffs, and thereupon received from them the two thousand dollar note. Having thus procured a surrender of the evidence of his original indebtedness, and voluntarily bound himself anew directly to the plaintiffs, so far as that was possible for him to do under the arrangement so made, and it being the manifest intention of all the parties when the said arrangement was made, and of the defen dant-when he carried the same into effect, and of the plaintiffs, when they gave up the old note and accepted the new one in lieu thereof, that Perkins should indorse the new note, the defendant can not be permitted to avail himself of the subsequent wrongful refusal of Perkins to indorse. The second note was transferred to the plaintiffs by the joint act of Perkins and the defendant, as an obligation by which the defendant meant to bind himself to the plaintiffs, and, hence, the case is not within the rule which, but for that fact, would constitute the plaintiffs mere assignees, who, as such, hold the note subject to the equities existing between Perkins and the defendant.
The remaining objections and exceptions contained in the case have not been alluded to in the points of the appellant, and, consequently, may be deemed to have been waived.
The judgment should be affirmed, with costs.
Curtis and Speir, JJ., concurred.