BENNETT v. STODDARD & RENNICK ET AL.

1. **Administrator**: ESTATES: COLLATERAL SECURITY: AGENCY.   In an
action by an administrator to collect the proceeds of notes, placed by the
deceased in the hands of the defendants, as collateral security for the
payment of an indebtedness due other parties, it was held that the par-
ties for whose benefit the notes were deposited became in equity the own-
ers of the notes; that as to them the agency of defendants did not ter-
minate upon decedent's death; and that they were entitled to the notes
and proceeds thereof until the indebtedness for which they were pledged
was paid.

*Appeal from Montgomery Circuit Court.*

MONDAY, JUNE 12.

THIS cause was referred to Hon. Smith McPherson as referee.
His report was confirmed by the court, and the plaintiff ap-
peals.

*Z. T. Fisher*, for appellant.

*C. E. Richards*, for appellees.

SEEVERS, CH. J.—This action was brought to recover of
Stoddard & Rennick the proceeds of certain notes placed in
their hands by the deceased.   Certain corporations
intervened and claimed they were entitled to said
notes and proceeds on the ground the deceased
was indebted to them, which indebtedness was in the hands
of Stoddard & Rennick for collection and that deceased placed
the notes in their hands as collateral security for such indebt-
edness.   The allegations contained in the petition of interven-
tion were denied and it was the issue thus formed that was
referred, the contention being who was entitled to said notes
and proceeds, the plaintiff or intervenors.

The referee found that Stoddard & Rennick were the agents
of both the deceased and intervenors, and that the "money

1. ADMINIS-
TRATOR: es-
tates: collat-
eral security:
agency.

and the assets now in controversy are the proceeds of collaterals placed in the hands of the defendants by said E. P. Bennett during his life time, for the sole and only purpose of being collected by the defendants, and they, the defendants, to have and use the same in paying off and discharging the indebtedness of said deceased, then in the hands of the defendants. *  *  *  *  *" There is no showing all the evidence is before us, therefore the finding of facts made by the referee cannot be reviewed. As conclusions of law the referee found that the agency of the defendants was coupled with an interest and therefore it did not terminate at the death of said Bennett, and also that the facts warranted the conclusion the deceased turned over the assets in question for the purpose of paying the indebtedness due the intervenors.

Counsel for the plaintiff insist the agency terminated at Bennett's death. By this we understand counsel to mean it terminated as to Bennett and his estate. It seems to us this may be conceded. For it is found as a fact the notes were placed in the hands of Stoddard & Rennick as collateral security for the payment of the claims of the intervenors, who thereby became, in equity at least, the owners of the notes and proceeds. Being the owners and holders of the notes, they could maintain an action thereon in their own names. Code, § § 2543, 2545; *Younker v. Martin*, 18 Iowa, 143. The intervenors were entitled to the notes and the proceeds until the indebtedness, for the payment of which they were pledged, was paid. The possession of their agents made the intervenors, in fact, the holders of the notes. There is no pretense such agency was revoked by the death of Bennett or otherwise. What does it matter then if Stoddard & Rennick did cease to be the agents of Bennett at his death.

AFFIRMED.