Argued January 5: decided April 5, 1897.

## SPRECKELS v. BENDER.
(48 Pac. 418.)

BILLS AND NOTES—PRESUMPTION.—The possession of a promissory
note and its production on the trial by a prior indorsee raises a
presumption which establishes prima facie his legal title to the
note, although the same bears an indorsement by him in full to
another.

ERASURE OF SUBSEQUENT INDORSEMENTS.—In an action on indorsed
notes where plaintiff holder is an intermediate indorser he may
strike out his own name and subsequent indorsements, so as to
invest himself with the legal title.

EVIDENCE—HARMLESS ERROR.—A letter from an indorsee of a note to
his attorney after it had been delivered to the latter for collection
explaining an indorsement thereon by him to the payee, is not

admissible for the purpose of showing title to the note in the indorsee, but its admission is harmless where the note itself is produced and shows title in the indorsee.

CONSIDERATION FOR NOTE.—Certain persons agreed to pay to a railroad company certain amounts, in installments, provided the road was completed to a certain point by a day named. The company failed to perform the condition. The subscribers thereupon entered into another agreement with the company, whereby they made their notes for the unpaid subscriptions, and deposited them in escrow, to be delivered to the company if the road were completed by a new date agreed on. *Held*, that the failure of the railroad company to comply with the conditions of the first agreement was taken out of the case by the subsequent contract.

WAIVER OF OBJECTION.—An objection must be taken and the ground thereof stated when the testimony is offered or the point will be considered waived.

From Coos:   J. C. FULLERTON, Judge.

Action to recover the amount of three certain notes given to aid a railroad subsidy, and transferred to plaintiff. Defendant appeals from a judgment against him.

AFFIRMED.

For appellant there was a brief over the names of *G. W. Short, Wm. R. Willis, Andrew M. Crawford,* and *Watson, Beekman & Watson,* with an oral argument by *Messrs. Crawford* and *Willis.*

For respondent there was a brief over the names of *J. W. Hamilton* and *John A. Gray,* with an oral argument by *Mr. Hamilton.*

Opinion by MR. JUSTICE WOLVERTON.

This is an action by the J. D. Spreckels & Bros. Company to recover on three promissory notes executed by Edward Bender, and made payable to the Coos Bay, Roseburg & Eastern Railroad & Navigation Company or order. The circumstances attending and which induced their execution are as follows: In May, 1890, the defendant, with others, executed a certain subsidy agreement.

whereby he agreed to pay the said railroad company $1,250, in installments, as certain definite portions of a railroad were constructed eastward from Marshfield, the last payment to be made when it was completed to Myrtle Point. There was a stipulation that the road should be completed to Myrtle Point May 1, 1891, and to Roseburg December 31, 1891, and that the company should maintain a depot within the corporate limits of the former place. The road not having been completed as required by the subsidy agreement, the subscribers thereto, including the defendant, on March 21, 1893, entered into another agreement with the company, whereby, after reciting that the subscribers had given their notes for their respective unpaid subscriptions (although the notes in question were not in fact signed until April 27, 1893), it was agreed that the company and the makers of such notes should elect a trustee, with whom the notes should be deposited, and delivered by him to the company when it completed its road to Myrtle Point, established depot grounds, and had cars running thereto, provided these conditions were performed by the company on or before September 15, 1893; otherwise to be returned to the makers. The notes in question were delivered to one Dodge, who had been elected the trustee in pursuance of the agreement. After the completion of the road to Myrtle Point, and the establishment of a depot at that place, prior to September 15, 1893, the notes sued on were, with the consent of the defendant, delivered to the railroad company, and were introduced in evidence at the trial, endorsed as follows:

"Pay to the order of J. D. Spreckels Bros. Co.
THE COOS BAY, ROSEBURG & EASTERN RAILROAD & NAVIGATION COMPANY.

R. A. Graham, General Manager."

"Pay to the order of the Coos Bay, Roseburg & Eastern Railroad & Navigation Company.

J. D. SPRECKELS & BROS. COMPANY,<br>
W. W. R. Gibson, Treasurer."

John A. Gray, the attorney for plaintiff, while a witness in its behalf, testified that he had received from plaintiff for collection the notes sued on, and identified a letter written by plaintiff to him from San Francisco, which was offered in evidence with a view of showing for what purpose the notes were sent by plaintiff to its attorney, and was admitted over the objections of defendant. The following is a copy of the letter, viz.: "We have your letter of April 26, stating that you have commenced action against W. A. Borden and E. Bender on the notes. Mr. Graham was carrying out our instructions in giving you the notes. We wish you to push the collection of the notes in our name. We had endorsed the notes to the railroad company for collection, they having declined to accept them at their face value as a full transfer in the account for the amounts of the notes." Error is predicated of the introduction of this letter, and of certain instructions of the court, the purport of which appears in the opinion. Judgment was for plaintiff and defendant appeals.

The defendant, by his denials, has put in issue plaintiff's allegation of ownership of these notes, and contends that its endorsement thereon to the railroad company shows prima facie that it is not the owner, but that the railroad company is, and that the letter from plaintiff to its attorney was inadmissible because written by the party in whose behalf it was offered. The defendant's objection to the letter was evidently well taken. It contains matter not germane to the purpose for which the notes were delivered to the attorney, and, not being sent with them,

it cannot be considered as a declaration accompanying the act of such delivery. Proof of plaintiff's declarations as to why and for what purpose it endorsed the notes to the railroad company was undoubtedly inadmissible in its own behalf over the objection of the defendant, but we are of the opinion that the letter did him no harm. It is laid down in *Dugan* v. *United States,* 16 U. S. (3 Wheat.) 172, as a rule of law, "that if any person who endorses a bill of exchange to another, whether for value or for the purpose of collection, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bona fide holder and proprietor of such bill, and shall be entitled to recover, notwithstanding there may be on it one or more endorsements in full subsequent to the one to him, without producing any receipt or endorsement back from either of such endorsees, whose names he may strike from the bill, or not, as he may think proper." The reason of the rule may be found'in the presumption which accompanies the possession of commercial paper. Where a payee or endorsee of such paper has put it in circulation by an endorsement in blank, the law will presume that whoever is found in possession holds it rightfully, and he may bring an action upon it, and at the trial fill up the blank endorsement with his own name, and thus show a technical legal title in himself. So, also, where commercial paper has been specially endorsed, and is found in the hands of a payee or an intermediate endorser, the law presumes that he has paid the amount of the note to the special endorsee, as it was his duty to do in case of non-payment by the maker or prior endorser at maturity, and by reason thereof has become repossessed of the paper as rightful holder, and he will be permitted at the trial to strike out his own name and all subsequent endorsements, so as to invest himself with the legal title to the paper: *Porter* v. *Cushman,* 19 Ill. 572; *Bond* v. *Storrs,* 13 Conn.

411.   In *Pilmer* v. *Bank*, 19 Iowa, 112, a draft was introduced with unerased endorsements similar to those on the notes in suit.   The plaintiff was allowed to testify that he had, on the draft being protested, taken it up, and was now the owner of it, of which the appellant complained. DILLON, J., speaking for the court, said:   "Being in possession of the draft, the plaintiff prima facie had the right to erase the prior endorsement, and recover as payee, without the evidence now objected to.   That the plaintiff produced more evidence than he was bound to do is a matter for which the defendant cannot claim a reversal." There are numerous authorities supporting the rule as laid down in 16 U. S. (3 Wheat.)   172, and, although there are some to the contrary, we believe that case enunciates the better doctrine:   See also *Reading* v. *Beardsley*, 41 Mich. 123 (1 N. W. 565); *Witherell* v. *Ela*, 42 N. H. 295; *Nevins* v. *De Grand*, 15 Mass. 435; *Dollefus* v. *Frosch*, 1 Denio, 367.   In the case at bar, plaintiff's possession cast a presumption which established prima facie its legal title to the notes, although its endorsement to the railroad company appeared thereon.   It had a perfect right to strike out this endorsement, so as to show a technical title, and the jury might have been instructed to find for plaintiff upon this prima facie title, there being no evidence to rebut it.   The letter tended to show only what the possession of the notes proved prima facie, and hence its admission was harmless, as the verdict would have been the same in either event.

Now, as it regards the instructions to the jury:   The theory of the defense is that the notes sued on were given in consideration of the contract of May, 1890, and that, the plaintiff having failed to comply with the terms and conditions thereof, the consideration failed, it being contended that the contract of March 21, 1893, did not absolve the plaintiff from performance under that of 1890.

A proper interpretation of the later contract, however, supports neither the theory nor the contention. The existence of the contract of May, 1890, and the fact that certain conditions thereof remained unfulfilled to the letter, undoubtedly constituted the inducement for the later agreement and the execution of the notes. The new contract provides for a deposit of the notes in escrow with a trustee, and they were to become absolute upon the performance of certain conditions imposed thereby, and to be delivered to plaintiff upon such performance. The conditions were complied with, that is to say, the road was completed to Myrtle Point, depot grounds were laid out, and cars were running to that place prior to September 15, 1893; and the trustee, as he was in duty bound to do, delivered the notes to plaintiff, so that the obligation to pay in accordance with their terms became absolute and unconditional. The notes and the later contract completely supplanted the prior subsidy agreement, they left nothing to be performed of its conditions by either party, and it does not now constitute a factor in the present contention, except in so far as it constitutes a consideration for their support. It was, therefore, not error for the court to tell the jury that the question as to whether there was a failure on the part of the railroad company to comply with the conditions of the subsidy agreement was taken out of the case by the subsequent contract. In support of these views, see 1 Rorer on Railroads, 114; *Henderson R. R. Co.* v. *Moss,* 2 Duvall, 242; *O'Donald* v. *Evansville, etc., R. R. Co.,* 14 Ind. 259.

There is another objection to the court's statement to the jury "that the notes themselves had been introduced in evidence, and show that there was an endorsement to J. D. Spreckels & Bros. Co., at one time, by Mr. Graham, manager," and the alleged reason for the objection is that there was no proof that such endorsement had been made

by the manager of the railroad company. The record does not show whether this was the case or not, but it does show that the notes and endorsements were introduced in evidence without objection by the defendant upon that ground, and there was no general objection covering it, and, this being so, such proof must be deemed to have been waived.

Affirmed.