### ISAACS v. KOBRE.

(Supreme Court, Appellate Term, First Department. January 16, 1914.)

PAYMENT (§ 85*)—RIGHT TO RECOVER.

　　Defendant purchased before maturity a note which was payable on May 3d of that year. Defendant informed plaintiff, who was an indorser, of his purchase and that it was payable on June 3d. Both parties labored under a mutual mistake, and the note being unpaid, plaintiff paid it, but on receiving it discovered the mistake. *Held* that, as plaintiff had been discharged of his liability by reason of the failure of the holder of the note to protest it when not paid on May 3d, he could recover his payment.

　　[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 272–281; Dec. Dig. § 85.*]

Appeal from City Court of New York, Trial Term.

Action by William Isaacs against Max Kobre. From a judgment dismissing the complaint on the pleadings, plaintiff appeals. Reversed, and new trial granted.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Rifkind & Samuels, of New York City (Albert J. Rifkind, Herman Joseph, and Frederick Hemley, all of New York City, of counsel), for appellant.

Feltenstein & Rosenstein, of New York City (Moses Feltenstein, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sues to recover back $1,000 paid to defendant under the following circumstances: Plaintiff was the indorser upon a promissory note dated February 3, 1913, payable three months after date, namely, May 3, 1913. The complaint alleges that defendant having become the holder of the note, on or about the 3d day of June, informed plaintiff to that effect, and added that the note was payable on that day, namely, June 3d. Plaintiff thereupon paid the defendant; but, when the note was delivered to him, he found that it was due May 3d. It is not claimed that defendant willfully misrepresented the facts, but only that there was a mutual mistake of fact.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under these circumstances, it is evident that on June 3d plaintiff had been discharged of all liability as indorser by reason of the failure of the holder to protest the note at the time it was due. He therefore paid defendant $1,000 under the belief of both parties, due to their mutual mistake of fact, that he was liable, when, as a matter of fact, he was not, and is entitled to recover back this sum of which he has been unjustly deprived and by which the defendant has been unjustly enriched. See Franklin Bank v. Raymond, 3 Wend. 69, citing Milnes v. Duncan, 6 B. & C. 671.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.